AUGUSTUS PRENTICE AND CATHARINE A., HIS WIFE, RESPONDENTS, v. MARY ANN JANSSEN AND GERHARD JANSSEN, HER HUSBAND, APPELLANTS.

*Conversion of real estate into personalty — election of legatees as to — power of sale — what not a valid execution of*

Where a testator directs that certain real estate be sold, and the proceeds divided among persons named in the will, the general rule is that the legatees, if of full age, may elect to take either the land or the money, provided the rights of others are not thereby affected.

Where the legatees have elected to take the land, the executor, who was directed by the will to sell the same, is not a necessary party to an action brought to partition it.

Where an executor was empowered, during the minority of the devisees of an interest in certain land, to sell the same jointly with the other owners, *held*, that a conveyance executed by the executor alone, after one of the devisees came of age, conveying " all the right, title, interest and estate in me vested as executor," was not a valid execution of the power.

APPEAL from a judgment of partition entered in the above-entitled action, brought for a partition of certain hotel property, real and personal, at New Brighton. By the residuary clause of

their father's will, the property in question was given to Francis H. Blancard, Louise Blancard, Mary Ann Blancard, Caroline Blancard and Jessie Blancard. Francis H. Blancard died before his father. The executors — among whom was the defendant, Gerhard Janssen — were, by the will, directed to sell this among other property, and divide the proceeds among the residuary legatees. Caroline Blancard died after the testator, and left one-half this property to her sister, Jessie Blancard, and one-eighth to her nephews, Horace B. Russ and Francis L. Russ, and three-eighths to her nieces — one-eighth to Louisa Russ, and two-eighths to Caroline Frances Russ. She authorized her executors, during the minority of the nephews and nieces, " to sell or lease jointly with the other present or future owners of undivided shares therein, the share of each of such minors" in any of such real estate.

A demurrer to the complaint for a joinder of real and personal property in a partition suit was overruled, and the judgment affirmed at General Term (7 Hun, 86). The plaintiff and defendant own the whole property as tenants in common.

The defendants claimed, among other things, that the executor of Francis Blancard had an interest in the property, and should have been made a party defendant; that if he had only a power over the land, no sale could be made in this action by which its execution would be defeated.

*C. Bainbridge Smith*, for the appellants.

*Joshua M. Van Cott*, for the respondents.

BARNARD, P. J.:

The lands which are sought to be partitioned belonged to Francis Blancard at the time of his death. By the residuary clause of his will, this property was given to his children, Francis H. Blancard, Louise Blancard, Mary Ann Blancard, Caroline Blancard and Jessie Blancard. There was a hotel called the Pavilion Hotel upon it, and by the will Francis H. Blancard, testator's son, had the right to carry on the hotel business therein for five years. Francis H. Blancard died before the testator. The executors were directed by the will to sell the lands of testator,

including this "pavilion" property, after the right of occupancy of Francis H. Blancard therein should cease. The proceeds were to be equally divided among the residuary legatees.

The case is a plain one when the land was directed to be converted into personalty. "The general rule in such cases is, that the person entitled to the money, being of lawful age, can elect to take the land, if the rights of others will not be effected by such election." (*Hetzel* v. *Barber*, Mss. Ct. of App.)

The testator died in 1868. The residuary legatees and those representing them, to an extent of three-fourths of the property, have sold the same as land to the plaintiff. The defendant Mary Ann Janssen has since 1873 joined in leases of the property as land. The two owners have since that time expended large sums in improving the buildings built thereon as land. The answer admits that the parties own the premises as land by a tenancy in common. The rents have been divided as rents of land, and neither party asserts or claims in the pleadings that the power be executed by the executor, nor does the moving executor, who is individually a party defendant, claim to exercise the power of sale. It is too late for the defendant now to say that the lands are personal property by force of the rule of equitable conversion. There is no trust in the will requiring a sale, and the owners of that land have made their election to have it reconverted from personalty into realty. The executor Gerhard Janssen has, therefore, no interest in the premises — he had never a title. He had simply a power for the purpose of distribution. The distributees have taken the land instead of money, and thus the executor is not a necessary party to the action as executor.

Charles Blancard is not a necessary party. The will gave him $5,000 only. He is not mentioned as a residuary devisee or legatee; Francis H. Blancard, having died before his father, took nothing. Having no children, nothing passed through him; but the devise lapsed and passed under the residuary clause to the four children named besides the deceased.

The defendant took nothing under the deed from Wample, executor. Caroline Blancard, one of the owners, died, and Wample was her executor. By the will Wample, as executor, was empowered "during the minority" of the nephew and nieces of the

testatrix, to whom she had given a half of the property, to sell jointly with the other owners. After one of the devisees became of age, the executor conveyed to defendant, Mary Ann Janssen, "all the right, title, interest and estate in me vested as executor." This was not a proper execution of the power. He had no estate. He had simply a power in trust. This was to be executed during the minority of the devisee, and jointly with the other owners. The share of Mrs. Janssen was properly charged with one-fourth of the repairs. She agreed in the lease to make the repairs substantially as made. She assented to those which varied from the covenant. It was understood that they would not cost over $5,000; they did cost more. Plaintiff did not covenant or agree to pay the excess beyond that sum.

Judgment should be affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed. with costs.